FILED

2009 Mar-05  AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN MARBURY, | } | |
| | } | |
|     Plaintiff, | } | |
| | } | |
| v. | } | Case No.:  2:09-CV-00369-RDP |
| | } | |
| BIRMINGHAM AIRPORT | } | |
| AUTHORITY, | } | |
| | } | |
|     Defendant. | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Plaintiff's Motion to Remand (Doc. #7), filed March 3, 2009. The court finds that Plaintiff's Motion is due to be granted.

Any claim that was originally filed in state court may be removed to federal court if the case could have been filed in federal court originally. *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). Where, as here, there is no diversity of citizenship, the defendant must show that federal question jurisdiction is present. *Id.* The burden of establishing subject matter jurisdiction for the purpose of a valid removal to this court is on the removing party. *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001). Section 1441, permitting removal of a state court action to federal court, provides in pertinent part:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> **(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the

> Constitution, treaties or laws of the United States shall be removable without regard to the citizenship of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)(b). Federal removal statutes are strictly construed and remand is appropriate at any time prior to final judgment when it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns*, 31 F.3d 1095. Therefore, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

In order for a case to arise under federal law, a federal question must be presented on the face of the plaintiff's complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 11 (1983); *Kemp v. International Business Machines Corp*., 109 F.3d 708, 712 (11th Cir. 1997). "This is known as the 'well-pleaded complaint' rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp*, 109 F.3d at 712 (*citing* 13B *Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure* § 3566 (1984)). Thus, "the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill*, 364 F.3d at 1314 (*quoting Marcus v. AT&T.*, 138 F.3d 46, 52 (2nd Cir. 1998)).

Here, Plaintiff chose to rely exclusively on two state law claims in her complaint: the common law tort of outrage and a statutory claim under the Alabama Age Act.[1]  Though Plaintiff's outrage claim could have been asserted as a claim for retaliation under Title VII, a federal cause of action, Plaintiff did not bring a claim under Title VII.  42 U.S.C. § 2000e *et seq*.  Notwithstanding the fact that Plaintiff's outrage claim may present a dubious legal theory, this court will not second guess Plaintiff's litigation strategy.[2]  Rather, as the master of her complaint, Plaintiff is free to rely on state claims, as she did here, to avoid federal jurisdiction.

Because the parties are not diverse and Plaintiff asserts only state law claims in her complaint, Plaintiff's Motion to Remand is **GRANTED**.  This case is hereby **REMANDED** to the Circuit Court for Jefferson County Alabama.  A separate order will be entered.

**DONE** and **ORDERED** this ____4th____ day of March, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1]  The Alabama Age Act is found in Ala. Code § 25-1-22 and provides only a state remedy.

[2]  Indeed, the Alabama Supreme Court, in recent history, has found a jury question in outrage claims in only three types of cases "1) cases having to do with wrongful conduct in the context of family burials, . . . 2) a case where insurance agents employed heavy-handed, barbaric means in attempting to coerce the insured into settling an insurance claim, . . . and 3) a case involving egregious sexual harassment."  *Thomas v. BSE Indus. Contractors, Inc*., 624 So.2d 1041, 1044 (Ala.1993).